# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| GISSING NORTH AMERICA LLC<br>    *f/k/a Conform Gissing International, LLC* | Chapter 7<br>Case No. 22-46160-lsg<br>Hon. Lisa S. Gretchko |
|     Debtors[1]._____/ | |
| KENNETH NATHAN, Trustee, | |
|     Plaintiff,<br>v. | Adv. Pro. No.<br>Hon. Lisa S. Gretchko |
| TERMAX COMPANY, | |
|     Defendant._____/ | |

### COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS AND FOR DISALLOWANCE OF CLAIMS

Kenneth Nathan, Plaintiff and Chapter 7 Trustee of the estate of Gissing North America LLC ("Debtor"), by his attorneys OSIPOV BIGELMAN, P.C., states for his complaint as follows:

### Jurisdiction

1. This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Bankruptcy Rule 7001(1).

2. Plaintiff is the duly appointed Chapter 7 Trustee.

3. TERMAX COMPANY's ("Defendant") principal place of business is located at 200 Tesler Road, Lake Zurick, IL 60047 and their resident agent's / officer's name is CSC-

---

[1] Debtors' cases are being jointly administered for procedural purposes only and consist of Debtors Gissing North America LLC, Case No. 22-46160, Gissing Auburn LLC, Case No. 22-46169, Gissing Fremont LLC, Case No. 22-46170, Gissing Greenville LLC, Case No. 22-46171, Gissing Sidney LLC, Case No. 22-46172, Gissing Sumter LLC, Case No. 22- 46173, Gissing Technologies LLC, Case No. 22-46174, and Gissing Technologies Mexico LLC, Case No. 22-46175

LAWYERS INCORPORATING SERVICE (COMPANY).

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B) and (F) and 28 U.S.C. § 1334.

## General Allegations

5. Plaintiff incorporates by reference all prior paragraphs.

6. On August 8, 2022, the Debtor filed a Chapter 11 petition ("Petition Date").

7. On January 9, 2023, the case was converted to Chapter 7.

8. The Trustee is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate.

9. During the 90 days prior to the Petition Date, the Debtor paid Defendant $36,182.00 (the "Transfers"). See attached, **Exhibit A**.

10. The Debtor's records evidence that the Debtor's liabilities exceeded its assets during and prior to the 90 days immediately preceding the Petition Date.

11. Additionally, pursuant to 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

12. Therefore, as of the dates of the Transfers, the Debtor was insolvent.

13. Prior to filing this complaint, the Trustee issued a demand letter to Defendant, asserting that the Transfers were avoidable preferential transfers pursuant to 11 U.S.C. § 547, and requesting a response and documentation of any alleged defenses Defendant may be entitled to raise.

14. Defendant either did not respond or Defendant and Trustee were unable to resolve their dispute requiring the filing of this complaint.

15. The Trustee complied with Section 547(b) prior to the filing of this complaint.

16. Upon information and belief, the Transfers were made on account of antecedent

debt owed by the Debtor to Defendant.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND LIABILITY FOR VALUE OF TRANSFERS PURSUANT TO 11 U.S.C. § 550

17. Plaintiff incorporates by reference all prior paragraphs.

18. Pursuant to 11 U.S.C. § 547(b),

"the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
      (A) on or within 90 days before the date of the filing of the petition; or
      (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of this title.

19. The Transfers were each a transfer of an interest of the Debtor in property.

20. Defendant was a creditor of the Debtor at the time of the Transfers, as Debtor was indebted to Defendant for expenses of the Debtor's business.

21. Debtor made the Transfers on account of the antecedent debt it owed to Defendant.

22. Debtor was insolvent at the time of the Transfers because its liabilities exceeded its assets.

23. Debtor made the Transfers within 90-days preceding the Petition Date.

24. Because of the Transfers, Defendant received more than they would have if the Transfers had not been made and Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

25. The Trustee performed reasonable due diligence in the circumstances of the case by issuing a demand letter to Defendant and requesting Defendant provide documentation of any alleged defenses.

26. Therefore, pursuant to 11 U.S.C. § 547(b), the Trustee may avoid the Transfers.

27. Pursuant to 11 U.S.C. § 550, the Trustee may recover the value of the avoided Transfers from the Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in the Plaintiff's favor and against the Defendant in an amount not less than $36,182.00, in addition to costs, interest, and attorney's fees and all other relief that this Court deems just and proper.

## COUNT II
## FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

28. Plaintiff incorporates by reference all prior paragraphs.

29. Count II is pled in the alternative to Count I.

30. 11 U.S.C. § 548 states in pertinent part:

> (a)(1)The trustee may avoid any transfer […] of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
> […]
>
>> (B) (i)received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>>
>>> (ii) (I)was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>>>
>>> (II)was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

31. The Transfers were each a transfer of property of the Debtor to Defendant.

32. The Transfers were made within 2 years of the date of the Petition Date.

33. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

34. The Debtor was insolvent on the date of the Transfers, became insolvent as a result of the Transfers, or was engaged in business for which property remaining with Debtor was an unreasonably small capital.

35. The Transfers constitute fraudulent transfers that are avoidable under 11 U.S.C. § 548(a)(1)(B).

36. Pursuant to 11 U.S.C. § 550, the Trustee may recover the value of the avoided Transfers from the Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in the Plaintiff's favor and against the Defendant in an amount not less than $36,182.00, in addition to costs, interest, and attorney's fees and all other relief that this Court deems just and proper.

## COUNT III
## PRESERVATION OF AVOIDED TRANSFERS
## PURSUANT TO 11 U.S.C. § 551

37. Plaintiff incorporates by reference all prior paragraphs.

38. Pursuant to 11 U.S.C. § 551, any transfer avoided under 11 U.S.C. § 547 is automatically preserved for the benefit of the estate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against the Defendant pursuant to 11 U.S.C. § 551 of the Bankruptcy Code preserving the avoided Transfers for the benefit of the estate and granting such other relief this Court deems just and proper.

## COUNT IV
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

39. Plaintiff incorporates by reference all prior paragraphs.

40. Defendant received Transfers avoidable pursuant to 11 U.S.C. § 547.

41. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable pursuant to 11 U.S.C. § 547.

42. Because Defendant has not paid or surrendered the Transfer(s) to Plaintiff, any claims of Defendant, should any such claims be asserted, must be disallowed unless and until the Transfers are repaid.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant, disallowing all of Defendant's claims pursuant to 11 U.S.C. § 502(d) of the Bankruptcy Code, unless and until Defendant returns the Transfers to Plaintiff, plus costs, interest, and attorneys' fees.

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

Dated: August 7, 2024

/s/ David P. Miller
DAVID MILLER (P79911)
JEFFREY H. BIGELMAN (P61755)
Attorneys for Trustee
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
Phone: (248) 663-1800 Fax: (248) 663-1801
Email: dm@osbig.com / jhb@osbig.com

# EXHIBIT A

06/13/2022    $36,182.00